1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,       )        Case No. 2:12-cr-00237-MMD-CWH
                                )
vs.                              )        **ORDER**
                                )
JOSEPH ANDRADE, *et al*.,        )
                                )
                Defendants.      )
_____ )

     This matter is before the Court on Defendant Julian Gaytan's Motion to Sever Trial of Defendants (#38), filed on October 8, 2012.  The Court also considered the Government's Response (#49), filed on October 26, 2012, and Defendant's Reply (#56), filed on October 30, 2012.  Additionally, the Court entered an order (#57) on October 31, 2012 granting Defendant Joseph Andrade's Motion for Joinder (#55), filed on October 30, 2012.

**BACKGROUND**

     In the instant case, Defendants Julian Gaytan, Perla Ramirez, David Duran, and Joseph Andrade are charged with Conspiracy to Travel in Interstate Commerce in Furtherance of a Racketeering Activity, in violation of 18 U.S.C. § 371, Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, Interstate Travel in Aid of a Racketeering Activity and Aiding and Abetting, in violation of 18 U.S.C. §§ 1952(a)(2)(B) and (2), and Brandishing a Firearm During a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  *See* Indictment (#1).  The Defendants are alleged to have traveled from Arizona to Nevada in furtherance of their crime and participated in a home invasion robbery.  By way of this motion, Defendant Julian Gaytan ("Gaytan") requests that the Court sever his case from that of his co-defendants and Defendant Andrade ("Andrade") joins the request.

**DISCUSSION**

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id*. (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*. (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified by* 425 F.3d 1248 (9th Cir. 2005).. Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

First, Defendant Gaytan argues that severance is appropriate because his defense strategy is mutually antagonistic to the defense strategy of his co-defendants. Gaytan speculates that his co-defendants' strategy will be to lay the blame upon him to minimize their culpability and ingratiate

2

themselves with the jury.  However, the Court notes that two of the co-defendants were arrested at the scene of the crime and admitted their involvement.  Gaytan's defense – that he is not the person who committed the crimes with the other co-defendants because he was not present at the crime scene, is not antagonistic with their defense.  A defendant is entitled to severance based upon mutually antagonistic defenses only if "the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir.1996), cert. denied, 519 U.S. 1132 (1997).  Further, the Supreme Court has held that co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another or if it is logically impossible for a jury to believe both co-defendants' defenses.  *United States v. Blankenship*, 382 F.3d 1110, 1125 (11th Cir. 2004) (discussing *Zafiro v. United States,* 506 U.S. 534 (1993)).  Gaytan has failed to show how his individual theory of defense would be so irreconcilable with the other co-defendants' theory as to preclude a jury from deciding guilt or innocence if both defenses were presented in a joint trial.  The fact that a co-defendants admits his or her guilt does not necessarily lead to the conclusion that another co-defendant is also guilty.  Furthermore, the fact that a co-defendant has implicated Gaytan does not preclude Gaytan from mounting an alternative defense.  As a result, the Court finds that severance is not warranted under the antagonistic or mutually exclusive defense rationale.

Second Gaytan argues that his co-defendants possess exculpatory information that would be favorable to him.  As a result, Gaytan contends that he would be deprived of his right to present a defense and to a fair trial because he his co-defendants will undoubtedly invoke their right to remain silent rather than testify as witnesses.  In response, the Government highlights the fact that two co-defendants have already implicated Gaytan as well as themselves in the crimes charged.  Consequently, the Government argues that Gaytan failed to explain why his co-defendants would not invoke their right to remain silent at a separate trial too, and more importantly, why he thinks their testimony would be exculpatory.  The Court is not persuaded by Gaytan's argument regarding his co-defendants' Fifth Amendment rights.  Gaytan indicates that he needs to call Andrade to establish the existence of alternate suspects who committed the offenses.  However, Andrade

1   identified Gaytan as a person involved in the crimes and the Court notes that this is not exculpatory

2   evidence.  Therefore, the Court finds that severance is not warranted based on the co-defendants'

3   refusal to give exculpatory testimony rationale.

4          Third, Gaytan argues that the admission of co-defendants' confessions at a joint trial may

5   violate Gaytan's right to confrontation because the confessions directly incriminate Gaytan.  He

6   also argues that redaction of his name does not mitigate the harm when he is the only defendant

7   who has not confessed.  The Government responds that it recognizes its obligations under the

8   *Bruton v. United States*, 391 U.S. 123, 126 (1969) line of cases.  It asserts that it would redact any

9   reference to Gaytan from the confessions of the other co-defendants, would ensure that an

10  appropriate limiting instruction to the jury be issued, and might seek the utilization of separate

11  juries to address the *Bruton* issues.  The Government further argues that at this early stage, when

12  plea negotiations are still being conducted, it is premature to sever Gaytan's case based on a

13  "potential" *Bruton* concern.  The Court agrees that a proper redaction to eliminate Gaytan's name

14  and reference to his existence will ensure that the Confrontation Clause is not violated.  *See*

15  *Richardson v. Marsh*, 481 U.S. 200, 211 (U.S. 1987).  Accordingly, the Court finds that Gaytan has

16  not met his high burden of demonstrating that severance is warranted based on potential *Bruton*

17  issues.

18         Fourth, Gaytan claims that he will be prejudiced by joinder because the jury will consider

19  his co-defendants' admissions and then presume that an equal amount of evidence must exist

20  against him, which will result in "spill over" prejudice.  It is possible that the evidence is stronger

21  against Gaytan's co-defendants than it is against him.  However, that fact, standing alone, is not

22  sufficient to justify severance.  *See United States v. Marcello*, 731 F.2d 1354, 1360, (9th Cir. 1984)

23  ("The mere fact that there may be more incriminating evidence against one codefendant than

24  another does not provide a sufficient justification for separate trials.").  Rather, the focus is on

25  "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to

26  separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*,

27  710 F.2d 535, 546 (9th Cir. 1983) (citations omitted).  "The prejudicial effect of evidence relating

28  to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial

4

judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999), *superceded on other grounds by regulation*, (internal citations and quotations omitted). Here, there is nothing to suggest that the potential prejudice identified by Gaytan cannot be cured by a limiting instruction. In fact, Gaytan failed to demonstrate with sufficient particularity how a limiting instruction would not cure the potential risk of prejudice or be inadequate. It is not enough to show that separate trials would create a better chance for acquittal. Therefore, the Court finds the severance is not warranted based the spill over prejudice rationale.

In conclusion, the Court gave careful consideration to Gaytan's proffered reasons for severance. Ultimately, it finds that Gaytan has not met the "heavy burden" of demonstrating that joinder is so manifestly prejudicial that severance is required.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Julian Gaytan's Motion to Sever Trial of Defendants (#38), which is joined by Defendant Joseph Andrade's(#55), is **denied**.

DATED this 19th day of November, 2012.


**C.W. Hoffman, Jr.**
**United States Magistrate Judge**