**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSEPH ANDRADE, *et al*.,<br><br>                Defendants. | Case No. 2:12-cr-00237-MMD-CWH<br><br>**<u>FINDINGS AND</u>**<br>**<u>RECOMMENDATION</u>** |

       This matter is before the Court on Defendant Joseph Andrade's Motion to Dismiss Counts One and Three of the Indictment for Failure to State an Offense and Motion to Dismiss Count Four of the Indictment as Multiplicitous (#47), filed on October 26, 2012, which was corrected on November 14, 2012 (#64).  The Court also considered the Government's Response (#61), filed on November 8, 2012, and Defendant's Reply (#65), filed on November 14, 2012.  Additionally, the Court entered an Order (#53) on October 29, 2012 granting Defendant Julian Gaytan's Motion for Joinder (#50), filed on October 26, 2012.

<u>**BACKGROUND**</u>

       In the instant case, Defendants Julian Gaytan, Perla Ramirez, David Duran, and Joseph Andrade are charged with (1) Conspiracy to Travel in Interstate Commerce in Furtherance of a Racketeering Activity, in violation of 18 U.S.C. § 371, (2) Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, (3) Interstate Travel in Aid of a Racketeering Activity and Aiding and Abetting, in violation of 18 U.S.C. §§ 1952(a)(2)(B) and (2), and (4) Brandishing a Firearm During a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Indictment (#1).  The Defendants are alleged to have traveled from Arizona to Nevada to participate in a residential burglary with the intent to extort money from the occupants.

By way of this motion, Defendant Joseph Andrade ("Andrade") requests two forms of relief: (1) the Court dismiss Counts One and Three of the indictment because they fail to state an offense and (2) the Court dismiss Count Four because it is multiplicative of Count Two.  Defendant Julian Gaytan ("Gaytan") joins the request.  In doing so, Defendants allege that Counts One and Three are insufficiently plead in the indictment because there is no allegation of a separate scheme or plan to carry out an extortionate act or pattern of activity, which is required because the crime of violence and unlawful activity should constitute separate criminal acts or courses of conduct.

## DISCUSSION

### I.   Counts One and Three - Sufficiency of the Pleadings

An indictment is sufficient if it has the following: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Hamling et al. v. United States*, 418 U.S. 87, 117 (1974).

Count One of the indictment alleges that Defendants conspired, in violation of Title 18 United States Code Section 371, to violate the Travel in Interstate Commerce in Furtherance of Racketeering Activity Act, Title 18 United States Code Section 1952(a)(2) (hereinafter, "Travel Act").  Specifically, Count One alleges that on or about May 19, 2012, Defendants traveled from Arizona to Las Vegas with the intent to commit a crime of violence, that is, a residential burglary, in violation of Nevada Revised Statutes Section 205.060.  The purpose of the residential burglary was to further an unlawful activity, that is, extortion, in violation of Nevada Revised Statutes Section 205.320 by attempting to obtain money through physical threats to the residents.  Count Three alleges the underlying substantive violation of the Travel Act namely, interstate travel in aid of racketeering activity.

### A.   Travel Act

Section 1952(a)(2) provides:

(a) Whoever travels in interstate or foreign commerce . . . with intent to– ...
     (2) commit any **crime of violence** to further any **unlawful activity**; . . .
and thereafter performs or attempts to perform– . . .
          (B) an act described in paragraph (2) shall be fined under this title, imprisoned for
               not more than 20 years, or both, and if death results shall be imprisoned for any

term of years or for life.
(b) As used in this section (i) "unlawful activity" means . . . (2) extortion . . . in violation of the laws of the State in which committed or of the United States.

18 U.S.C.A. § 1952 (emphasis added).

Defendants Andrade and Gaytan move to dismiss Counts One and Three under Federal Rule of Criminal Procedure 12(b)(3) because they contend that the same conduct may not be used to satisfy both the "unlawful activity" and "crime of violence" prongs of Section 1952(a)(2) of the Travel Act.  Defendants assert that the Court should read the plain language of the Travel Act to impose a requirement that there be separate courses of conduct that are performed in a specific order to adequately plead a violation.  In particular, Defendants contend that the unlawful activity must exist prior to the crime of violence.  As a result, Defendants argue that Counts One and Three fail to state an offense because one discrete act by Defendants cannot satisfy the temporal requirements of the Travel Act.  In fact, Defendants insist that the government's theory relying on the unity regarding the crimes of burglary, robbery, and extortion is an incorrect reading of the Travel Act based on applicable canons of statutory construction, rules of grammar, and rule of lenity.  More specifically, Defendants contend that the four elements of the offense in are: "1) travel in interstate commerce; 2) with the intent to commit a crime of violence in order; 3) to further the crime of extortion; and 4) a subsequent event in furtherance of furthering the crime of extortion." Def.'s Motion #64, 7.  Defendants suggest that Section 1952(a)(3) of the travel Act, the catch-all is more sensible for this case, but evidence of extortion-type conduct is still limited.

In response, the Government contends that the indictment complies with the plain language of the Travel Act and adequately states the elements of burglary, extortion, and conspiracy. Additionally, the Government contends that the case law does not require that the crime of violence be distinct from the unlawful activity that it furthers.  *See United States v. Lee*, 726 F.2d 128 (4th Cir. 1984) (finding that the conviction under Section 1952(a)(2) was proper even though arson was a crime of violence and also the unlawful activity furthered by interstate travel).

3

1

2

### B.    Crime of Violence

3        Title 18 United States Code Section 16 defines "crime of violence" as follows:

4    (a) an offense that has as an element the use, attempted use, or threatened use of physical
     force against the person or property of another, or
5    (b) any other offense that is a felony and that, by its nature, involves a **substantial risk**
     **that physical force** against the person or property of another may be used in the course of
6    committing the offense.

7    18 U.S.C.A. § 16 (emphasis added).  The Ninth Circuit, in interpreting California Penal Code

8    Section 459, which is a statute substantially similar to Nevada Revised Statutes Section 205.060,[1]

9    has found burglary to be a violent crime because it involves a substantial risk that physical force

10   may be used against a person or property.  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1112 (9th Cir.

11   2011).  The undersigned similarly concludes that burglary, as defined by N.R.S Section 205.060, is

12   a crime of violence in Nevada because it is a felony "that, by its nature, involves a substantial risk

13   that physical force against the person or property of another may be used in the course of

14   committing the offense." 18 U.S.C. § 16(b).  The indictment alleges that Defendants committed a

15   burglary when they pushed their way into a residence, armed with guns, demanded the residents get

16   on the floor, and that they give up their money.  Therefore, the Court finds that the indictment

17   sufficiently alleges the commission of a "crime of violence" namely, burglary.

18                ### C.    Unlawful Activity

19        Section 1952(a)(2) requires that a defendant travel with the intent to commit "any" crime of

20   violence to further an unlawful activity.  18 U.S.C.A. § 1952(a)(2).  "Unlawful activity" is defined

21   in the statute to include extortion.  *Id.*  "Extortion" is defined as "the obtaining of property from

22   another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear,

23   _____

24        [1] *Compare* California Penal Code Section 459 that describes a burglary as "Every person who
25   enters any house, room, apartment ... with intent to commit grand or petit larceny or any felony is guilty
     of burglary" *with* Nevada Revised Statutes Section 205.060, which states, "A person who, by day or
26   night, enters any house, room, apartment, ...with the intent to commit grand or petit larceny, assault or
     battery on any person or any felony, or to obtain money or property by false pretenses, is guilty of
27   burglary."  Burglary is a category B felony in Nevada.  *Id.*

28

or under color of official right." 18 U.S.C.A. § 1951.  Under Nevada law, "A person who, with the intent to extort or gain any money or other property . . . whether or not the purpose is accomplished, threatens directly or indirectly . . . to injure a person or property . . . is guilty of a category B felony and shall be punished."  N.R.S. § 205.320.

In the instant action, Defendants argue that the indictment fails to allege all of the elements of extortion, namely consent.  However, the indictment alleges that Defendants entered the residence armed with guns, stated that they would kill everyone if the victims did not give them money, and took money and property from the residence.  Indictment #1, 2-3.  At this point, the Court finds that there are adequate allegations in the indictment to allege all of the elements of extortion.  Therefore, the indictment sufficiently alleges that a burglary was committed to further an "unlawful activity," namely, extortion.

### D. Conspiracy to Violate the Travel Act

Title 18 United States Code Section 371 provides, "If two or more persons conspire either to commit any offense against the United States, ... and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."  To prove a conspiracy, the government must show (1) an agreement, (2) to engage in criminal activity, and (3) one or more overt acts in furtherance of the conspiracy." *United States v. Hernandez*, 876 F.2d 774, 777 (9th Cir. 1989).

Count One sufficiently alleges that the named Defendants conspired to commit a violation of the Travel Act by planning to travel from Arizona to Nevada and engage in a residential burglary for the purpose of extorting money.  Further, it also alleges that Defendants engaged in the commission of various overt acts to effect the object of the conspiracy including: traveling from Arizona to Nevada, entering a home without permission while brandishing weapons, and taking property from the residents.  Therefore, the Court finds that the indictment sufficiently alleges the elements of a conspiracy to violate the Travel Act.

1

## E. Sufficiency of Counts One and Three

2       The Court finds that Count One sufficiently alleges conspiracy to commit a violation of the

3 Travel Act, as well as overt acts in furtherance of that plan.  Such overt acts include the following:

4 travel from Arizona to Nevada, the commission of a crime of violence, and the extortion of money

5 and property from the victims.  Similarly, Count Three sufficiently alleges a violation of the Travel

6 Act citing Defendants's travel to Nevada with the criminal intent to commit a "crime of violence"

7 namely, burglary, to further an "unlawful activity," namely extortion.

8       The Court considered the limited case law on this issue.  Defendants concede that there is

9 an absence of controlling, on-point, precedent.  Nevertheless, Defendants cite to *United States v.*

10 *Winslow*, 962 F.2d 845, 852 (9th Cir. 1992), as standing for the proposition that a subsequent overt

11 act in furtherance of the crime of violence is required to state a violation of the Travel Act.

12 However, the Court notes that the Ninth Circuit's findings in *Winslow* do not address the statutory

13 construction issue that has been raised in this motion; *Winslow* focused on the substantive law of

14 attempt and Section 1952(a)(3).  *Id.* at 852.  In this case, Section 1952(a)(2) is implicated and there

15 are two separate acts: burglary and extortion.  In contrast, the Court also does not find the Fourth

16 Circuit case relied on by the Government, which did not require two separate acts, to be helpful as

17 it predated the 1994 sentence increases to Section 1952(a)(2).  *Lee*, 726 F.2d 128.  Finally,

18 Defendants cite to *United States v. O'Hara*, 143 F.Supp.2d 1039 (E.D. Wis. 2001), in which the

19 District Court in Wisconsin found different conduct must satisfy the crime of violence and

20 unlawful activity prongs of the Travel Act.  The Court notes that in *O'Hara*, the Court applied rules

21 of statutory construction to find that there was no ambiguity in the Travel Act's requirement under

22 section (a)(2) to have a crime of violence that furthers an unlawful activity.  *Id.* at 1043.

23       Similarly, the Court also considered the plain meaning of the statute and canons of statutory

24 construction in making its finding.  The undersigned is not persuaded by Defendants' argument that

25 the plain meaning and statutory canons of construction require that Counts One and Three be

26 dismissed.  This argument is based on the premise that there was one course of conduct, one

27 decision, one criminal act.  However, Defendants' act in invading the home, which is a burglary, is

28 a separate act from obtaining property by threat or force, which is extortion.  A distinguishing

6

1    element of burglary is that it is completed at the moment the home is entered with larcenous intent.

2    In contrast, extortion occurs when property is obtained under threat of injury and need not occur

3    within a home.  Additionally, looking at the legislative history of the Travel Act is not relevant in

4    this case because the Court finds no ambiguity in the plain meaning of the statute's language.

5    Therefore, the Court finds that Counts One and Three should not be dismissed for failure to state a

6    claim.

7        **II.**    **Counts Two and Four - Multiplicative**

8            **A.**    **Double Jeopardy**

9        The Double Jeopardy Clause provides that no person shall "be subject for the same offence

10   to be twice put in jeopardy of life or limb." *U.S. Const. amend. V.*  The Supreme Court has

11   consistently interpreted this provision as protecting "an individual from being subjected to the

12   hazards of trial and possible conviction more than once for an alleged offense." *Missouri v.*

13   *Hunter*, 459 U.S. 359, 365 (1983) (citations omitted).  The Double Jeopardy Clause provides three

14   basic protections.  *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (citations omitted).  First, it protects

15   against a second prosecution for the same offense after acquittal.  *Id.*  Second, it protects against a

16   second prosecution for the same offense after conviction.  *Id.*  Third, it protects against multiple

17   punishments for the same offense.  *Id.*  The issue presented in the instant motion implicates the

18   third protection namely, multiple punishments for the same offense.[2]

19           **B.**    **Section 924(c)**

20       Count Two of the indictment alleges that Defendants brandished a firearm in furtherance of

21   a crime of violence, as stated in Count One, which is conspiracy to commit a violation of the Travel

22   Act.  Count Four of the indictment alleges that Defendants brandished a firearm during a crime of

23

24       [2] The protection against cumulative punishments serves two purposes; it ensures that the
25   sentencing discretion of courts is confined to the limits established by the legislature and preserves the
     exclusive power of the legislature to prescribe crimes and determine punishments.  *Johnson,* 467 U.S. at
26   499.  Therefore, the question of whether punishments are multiple under the Double Jeopardy Clause,
     "is essentially one of legislative intent."  *Id.*  If the statutes under which a defendant has been convicted
27   specifically authorize cumulative punishments for the same offense, a court may impose cumulative
28   punishment without violating the Double Jeopardy Clause.  *Hunter*, 459 U.S. at 368.

violence, as stated in Count Three, which is the substantive violation of the Travel Act.  Both

Count Two and Count Four are alleged to be violations of Title 18, United States Code, Sections

924(c)(1)(A)(ii) and 924(c)(1)(2).  Notably, Section 924(c) provides that "second or subsequent

conviction" will carry enhanced penalties, such as in this case where Count Four carries a

mandatory and consecutive 25 year prison term.  18 U.S.C. § 924(c)(1)(C)(i).

The relevant portion of Section 924(c) states:

> (1) (A) Except to the extent that a greater minimum sentence is otherwise provided by
> this subsection or by any other provision of law, any person who, during and in relation to
> **any crime of violence** or drug trafficking crime (including a crime of violence or drug
> trafficking crime that provides for an enhanced punishment if committed by the use of a
> deadly or dangerous weapon or device) for which the person may be prosecuted in a court
> of the United States, **uses or carries** a firearm, or who, in furtherance of any such crime,
> possesses a firearm, shall, **in addition to the punishment provided for such crime of
> violence** or drug trafficking crime–
>   (i) be sentenced to a term of imprisonment of not less than 5 years;
>   (ii) if the firearm is **brandished**, be sentenced to a term of imprisonment of not less
> than 7 years . . .
> (3) For purposes of this subsection the term "**crime of violence**" means an offense that is
> a felony and--
>   (A) has as an element the use, attempted use, or threatened use of physical force against
> the person or property of another, or
>   (B) that by its nature, involves a substantial risk that physical force against the person or
> property of another may be used in the course of committing the offense.[3]
> (4) For purposes of this subsection, the term "**brandish**" means, with respect to a firearm,
> to display all or part of the firearm, or otherwise make the presence of the firearm known
> to another person, in order to intimidate that person, regardless of whether the firearm is
> directly visible to that person.

18 U.S.C.A. § 924(c) (emphasis added).  This portion of Section 924(c) requires proof of two

elements.  First, that Defendants used or carried a firearm.  Second, Defendants used or carried a

firearm during and in relation to a crime of violence.  *See Smith v. United States*, 113 S. Ct. 2050,

2053 (1993) (noting Section 924(c)(1) requires the prosecution to prove both that defendant used or

carried a firearm and that use and carrying was during and in relation to a crime of violence or drug

trafficking crime).  As discussed above, Section 16 defines the term a "crime of violence" to

include an offense that has the use, attempted use, or threatened use of physical force against the

person or property of another.  18 U.S.C.A. § 16.  It also includes any other offense that is a felony

and that, by its nature, involves a substantial risk that physical force against the person or property

---

[3] *See also* 18 U.S.C.A. § 16 (same definition of crime of violence for Travel Act violation).

of another may be used in the course of committing the offense. *Id.*

Defendants allege that Counts Two and Four are multiplicious because they are predicated on the same discrete act. More specifically, Defendants argue that Count Four attempts to extend one continuing act of brandishing a firearm into two offenses by relying on the same gun possession and use alleged in Count Two. Defendants concede that the Government may attach a Section 924(c) charge to a federal drug trafficking conspiracy and a separate substantive offense. However, Defendants contend that this is not allowed in the context of crimes of violence. *See United States v. Moore*, 43 F.3d 568 (11th Cir. 1994) (holding that the Double Jeopardy Clause does not bar the imposition of cumulative punishments for violating Section 924(c)).

In response, the Government contends that inclusion of the corresponding Section 924(c) charges for a violation of the Travel Act and conspiracy to violate the Travel Act, as distinct crimes of violence, is proper. The Government argues that Congress clearly intended to authorize cumulative punishment for the use of a weapon during any crime of violence. Further, the Government alleges that the rule of lenity has no application in this case because Section 924(c) is clear in that it authorizes mandatory sentences for violations of crimes of violence.

### C.     Separate Predicate Offenses

The Ninth Circuit has held that a defendant may be convicted and sentenced for multiple violations of Section 924(c) so long as "each 924(c)(1) charge be based on a separate predicate offense." *United States v. Smith*, 924 F.2d 889, 894 (9th Cir. 1991) (stating that each predicate violent offense where a firearm is used can support a 924(c) charge); *see also United States v. Fontanilla*, 849 F.2d 1257, 1259 (9th Cir. 1988) (finding separate counts of using firearm during crime of violence permissible because murder of one person and assault of another in same episode were properly charged as separate crimes); *see also United States v. Lopez*, 37 F.3d 565 (9th Cir. 1994), *cert granted and judgment vacated on other grounds by* — U.S. —, 116 S. Ct. 663 (1995) (finding substantive crime and conspiracy to commit that crime are not same offense for double jeopardy purposes and may each support a separate 924(c) conviction).

The determination of whether one predicate offense is independent from another depends on whether the two offenses would be independent for double jeopardy purposes. *See Blockburger*

1  *v. United States*, 284 U.S. 299 (1932) (finding two distinct offenses when they require proof of a

2  different element); s*ee also United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir. 1993) (overruled

3  on other grounds by *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (stating that "if the

4  elements of the two predicate offenses are different, each may form the basis of a firearm count

5  notwithstanding that both offenses stem from the same set of facts."); *see also United States v.*

6  *Beltran-Moreno*, 556 F.3d 913, 916 (9th Cir. 2009) (finding defendant could be charged with two

7  separate 924(c) counts of possession of firearm during drug trafficking because there were two

8  predicate crimes and it was not multiplicious and did not violate double jeopardy).  Consequently,

9  the Court must determine whether there are separate predicate offenses for Count Two and Count

10  Four.

11  **D.   Crimes of Violence**

12  It is well established that "[a] substantive crime and a conspiracy to commit that crime are

13  not the same offense for double jeopardy purposes." *See Lopez*, 37 F.3d at 570.  As a result,

14  "[p]unishing a defendant for both a substantive crime and a conspiracy to commit that crime does

15  not violate the Double Jeopardy Clause."  *United States v. Plaza-Uzeta*, 282 Fed. Appx. 522, 524

16  (9th Cir. June 10, 2008).  Additionally, under the rule first pronounced in *Pinkerton v. United*

17  *States*, 328 U.S. 640 (1946), each conspirator is liable for the criminal act of a co-conspirator if: (1)

18  the substantive offense was committed in furtherance of the conspiracy and (2) the offense could

19  reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

20  *Id*. at 647-48.  Therefore, a conviction under Section 924(c) may be based on *Pinkerton*.  *See*

21  *United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir. 1989), cert. denied, 494 U.S. 1089 (1990)

22  (finding conviction for use of firearm in relation to commission of drug trafficking crime may be

23  maintained under conspiracy theory); s*ee also Castaneda*, 9 F.3d at 765 (finding charges of using a

24  firearm not multiplicative where each offense depended on a different set of facts and complied

25  with the *Pinkerton* rule).

26  At this point in the proceedings, the Court is unable to determine whether the Defendants

27  are liable for the acts of their co-conspirators, however, the allegations are sufficient to allow such a

28  finding.  Defendants' single act of "using and carrying a firearm in relation to a crime of violence"

resulted in two distinct crimes of violence: (1) a conspiracy to commit a violation of the Travel Act and (2) a substantive violation of the Travel Act. Each of these offenses is supported by a separate predicate offense because the elements of the offense of conspiracy and a Travel Act violation are different. *See Smith*, supra, at 894. On this point the Supreme Court clearly states, "[The] question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Missouri v. Hunter*, 459 U.S. 359, 368 (1983) (*quoting Albernaz v. United States*, 450 U.S. 333, 344 (1981)). Although it is true that one continuing act of brandishing a firearm lead to two offenses, the allegations contained in the indictment are not multiplicative for charging purposes.[4] Defendants argue that the crime of violence context is important with respect to multiple 924(c) charges and cites to *Moore*, in which the Government did not attach a 924(c) charge to the conspiracy count. 43 F.3d 568. However, the Court notes that *Moore* is not controlling authority and the Eleventh Circuit did not address the instant issue because a 924(c) charge was not attached to the conspiracy count.

Furthermore, Defendants cite divergent interpretations of Section 924(c) from various circuit courts in noting that Section 924(c)(1) is ambiguous and thus, the rule of lenity applies. For example, Defendants note that in *United States v. Wilson*, 160 F.3d 732 (D.C. Cir. 1998), the D.C. Circuit found that there may be a situation in which two offenses do not merge because of different mens rea requirements, but do not support multiple Section 924(c) charges because there is no distinct use of a firearm. The Court notes that *Wilson* is not controlling authority and the facts of the case at issue are distinguishable. As discussed above, in order to commit a violation of the Travel Act, a crime of violence must be committed to further an unlawful act. Burglary is a crime

---

[4] The Court notes that during the January 16, 2013 hearing on this motion, Defendants preserved the right to make a future multiplicity objection for sentencing purposes, which is a matter distinct from the current consideration of the validity of the pleadings in this matter.

of violence.[5]  Consequently, the Court finds that a substantive violation of the Travel Act, such as committing a burglary in furtherance of extortion, is a crime of violence.  This is one predicate offense that serves as the basis for the Section 924(c) charge in Count Four.

The second predicate offense that serves as the basis for the Section 924(c) charge in Count Two is the conspiracy to commit a Travel Act violation.  The indictment alleges that, as an overt act in furtherance of a conspiracy to commit a violation of the Travel Act, Defendants unlawfully entered the residence armed with guns.  As previously discussed, a violation of the Travel Act is a crime of violence.  Consequently, the use of a firearm during the conspiracy to commit a Travel Act violation is also a crime of violence.  *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (holding that conspiracy to interfere with interstate commerce by robbery was a crime of violence that could serve as a basis for conviction of carrying or using firearm); *see also United States v. Juvenile Male,* 118 F.3d 1344, 1350 (9th Cir. 1997) ("[A]scribing an ordinary meaning to the words ["crime of violence"], a conspiracy to commit an act of violence is an act involving a 'substantial risk' of violence.") (*quoting United States v. Chimurenga*, 760 F.2d 400, 402 (2nd Cir. 1985)).  Therefore, the use of the firearm to commit the substantive violation of the Travel Act and the use of the firearm as an overt act in furtherance of a conspiracy to commit a violation of the Travel Act are two separate predicate offenses.  This is the type of distinct conduct that gives rise to multiple crimes that may serve as the basis for separate Section 924(c) charges.  Accordingly, the Court finds that Counts Four should not be dismissed for being multiplicative of Count Two.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Joseph Andrade's Motion to Dismiss Counts One and Three of the Indictment for Failure to State an Offense and Motion to Dismiss Count Four of the Indictment as Multiplicitous (#47 and #64), which is joined by Defendant Julian Gaytan, be **denied**.

## NOTICE

---

[5]  *See* fn. 1 supra.

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 8th day of March, 2013.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**